27 F.3d 554
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Eugenio James PEREZ, Defendant, Appellant.
 No. 93-1022
 United States Court of Appeals,
First Circuit.
 June 27, 1994
 
 Appeal from the United States District Court for the District of Puerto Rico [Hon. Raymond L. Acosta, U.S. District Judge ]
 Marcos A. Ramirez Lavandero on brief for appellant.
 Guillermo Gil, United States Attorney, Warren Vazquez, Assistant United States Attorney, and Jose A. Quiles-Espinosa, Senior Litigation Counsel, on brief for appellee.
 D.Puerto Rico.
 AFFIRMED.
 Before Selya, Cyr and Boudin, Circuit Judges.
 Per Curiam.
 
 
 1
 Defendant, Eugenio James Perez, pleaded guilty to a one-count indictment charging him with possession with intent to distribute approximately five kilograms of cocaine in violation of 21 U.S.C. Sec. 841(a)(1); the cocaine actually weighed 5.008 kilograms. He was sentenced to ten years imprisonment, the statutory minimum set forth in Sec. 841(b)(1)(A)(ii); the court did not impose a fine. This appeal ensued.
 
 
 2
 While the appeal was pending, defendant's court- appointed counsel filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967). He requests that we dismiss the appeal as frivolous and allow him to withdraw. Defendant had until May 2, 1994 to file a supplemental pro se brief which he has not done.
 
 
 3
 In the Anders brief, counsel states that upon his review of the record there is no basis on which to attack the change of plea or sentencing hearings-both were conducted in compliance with the applicable rules. See Fed. R. Crim. P. 11 and 32. Counsel then refers to two issues that might deserve consideration by this court: (1) the trial court did not consider the argument, made at sentencing, that because defendant was a minor participant, there should have been an additional downward departure under U.S.S.G. Sec. 3B1.2(b); and (2) the fact that the amount of cocaine that subjected defendant to the ten-year mandatory term of imprisonment set forth in Sec. 841(b)(1)(A)(ii) (5 kilograms or more of cocaine) was only .008 of a kilogram.
 
 
 4
 As for the first issue, there is no evidence that the court ignored the argument except in its failure to specifically mention it when imposing the sentence. In any event, counsel and defendant only offered conclusory statements that defendant was a carrier. Finally, assuming that the cocaine weighed 5.008 kilograms, a downward departure would have run afoul of the ten-year statutory minimum.
 
 
 5
 The question of the amount of cocaine involves a significant change in the sentencing options to which defendant might have been subject. If the cocaine had weighed less than 5 kilograms, the statutory minimum drops to five years. See Sec. 841(b)(1)(B)(ii). Defendant's base offense level then changes from 32 to 30. See U.S.S.G. Sec. 2D1.1(c)(7) (at least 3.5 kilograms but less than 5 kilograms of cocaine; level 30). With the three-level reduction for acceptance of responsibility ordered by the sentencing court, defendant's BOL would have been 27. Combined with a Criminal History Category of II, the guideline range would be 78 to 97 months. Thus, defendant's sentence might have been less than 10 years.
 
 
 6
 Although defendant's trial attorney retained an expert to weigh the cocaine, he never filed the expert's report (as ordered by the district court) nor did he raise the issue at the sentencing hearing. One possible reason for this omission could be that the expert, in fact, found that the cocaine weighed more than 5 kilograms. We note only that because a challenge to counsel's failure to file the report or mention the issue at sentencing turns on matters outside of the record, we would not consider it on direct review. See, e.g., United States v. Arango-Echeberry, 927 F.2d 35, 39 (1st Cir. 1991) (such a claim may be brought in a 28 U.S.C. Sec. 2255 motion). We, of course, express no opinion on the merits of such a claim. The bottom line for present purposes, however, is that there is absolutely nothing in the record to support an argument that the cocaine weighed less than 5 kilograms.
 
 
 7
 The brief shows that counsel conducted the required review and analysis of the case. See Anders, 386 U.S. at 744 (counsel must conscientiously examine the record and file a brief pointing to anything that conceivably could support the appeal). Upon our own examination of all the trial proceedings, we conclude that the appeal is indeed frivolous. As a result, we allow counsel's motion to withdraw and summarily affirm the judgment of the district court under Local Rule 27.1.